# United States Court of Appeals
*For The Eighth Circuit*

Thomas F. Eagleton U.S. Courthouse
111 South 10th Street, Room 24.329
**St. Louis, Missouri 63102**

**Michael E. Gans**
*Clerk of Court*

VOICE (314) 244-2400
FAX (314) 244-2780
www.ca8.uscourts.gov

January 25, 2021

Mr. Joseph Mark Hogan
HOGAN LAW FIRM
Suite 700
7751 Carondelet Avenue
Clayton, MO  63105

      RE:  20-1260  United States v. Dayon Fips

Dear Counsel:

      The court has issued an opinion in this case. Judgment has been entered in accordance with the opinion. The opinion will be released to the public at 10:00 a.m. today. Please hold the opinion in confidence until that time.

      Please review Federal Rules of Appellate Procedure and the Eighth Circuit Rules on post-submission procedure to ensure that any contemplated filing is timely and in compliance with the rules. Note particularly that petitions for rehearing and petitions for rehearing en banc <u>must</u> be received in the clerk's office within 14 days of the date of the entry of judgment. Counsel-filed petitions must be filed electronically in CM/ECF. Paper copies are not required. No grace period for mailing is allowed, and the date of the postmark is irrelevant for pro-se-filed petitions. Any petition for rehearing or petition for rehearing en banc which is not received within the 14 day period for filing permitted by FRAP 40 may be denied as untimely.

      Michael E. Gans
      Clerk of Court

AMT

Enclosure(s)

cc:   Mr. Dayon J. Fips
      Mr. Gregory J. Linhares
      Ms. Sirena Miller Wissler

      District Court/Agency Case Number(s):   4:18-cr-00720-SRC-1

# United States Court of Appeals
### For the Eighth Circuit

_____

No. 20-1260
_____

United States of America

*Plaintiff - Appellee*

v.

Dayon J. Fips, also known as Dayon Ballard

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Eastern District of Missouri - St. Louis
_____

Submitted: December 14, 2020
Filed: January 25, 2021
[Unpublished]
_____

Before GRUENDER, ERICKSON, and KOBES, Circuit Judges.
_____

PER CURIAM.

    In this direct appeal following entry of a guilty plea and judgment of conviction, Dayon Fips argues that he received constitutionally ineffective assistance from prior counsel, who represented him before the district court[1] for a

---

[1] The Honorable John A. Ross, United States District Judge for the Eastern District of Missouri.

short time. With the assistance of different counsel before the district court, however, Fips entered into a plea agreement, which the district court accepted, that included a "Waiver of Appeal and Post-Conviction Rights" provision ("Waiver Provision"). We find this appeal waiver applicable and enforceable, so we dismiss this appeal.

We consider *de novo* "issues concerning the interpretation and enforcement of a plea agreement and the application of appeal waivers." *United States v. Dallman*, 886 F.3d 1277, 1280 (8th Cir. 2018). We will enforce an appeal waiver and dismiss the appeal if: (1) the appeal falls within the scope of the waiver; (2) the plea agreement and waiver were entered into knowingly and voluntarily; and (3) enforcing the waiver will not cause a miscarriage of justice. *Id.* at 1279-80; *United States v. Boroughf*, 649 F.3d 887, 890 (8th Cir. 2011). These conditions are satisfied here.

First, Fips's ineffective-assistance claim falls within the scope of his appeal waiver. "We interpret plea agreements according to their plain language," *United States v. Manzano-Huerta*, 809 F.3d 440, 444 (8th Cir. 2016), and "we apply general contract principles and try to discern the intent of the parties as expressed in the plain language of the agreement when viewed as a whole," *United States v. Lara-Ruiz*, 681 F.3d 914, 919 (8th Cir. 2012) (internal quotation marks omitted). In the direct-appeal subsection of the Waiver Provision, Fips waived his right to raise on direct appeal "all non jurisdictional . . . issues," and no exception was made in this subsection for ineffective-assistance claims. By comparison, in the *habeas corpus* subsection of the Waiver Provision, Fips waived "all rights to contest the conviction or sentence in any post-conviction proceeding . . . except for claims of . . . ineffective assistance of counsel." Particularly in light of the absence of a carveout for ineffective-assistance claims in the direct-appeal subsection despite the inclusion of such a carveout in the *habeas corpus* subsection, we have no trouble concluding that, by the expansive plain language of the direct-appeal subsection, Fips waived the right to bring an ineffective-assistance claim on direct appeal unless it somehow implicated a jurisdictional issue. Fips claims only that his prior counsel's ineffective

-2-

assistance compromised his ability to litigate the merits of his defense, which does not implicate a jurisdictional issue, so his ineffective-assistance claim is within the scope of the appeal waiver.

Second, Fips knowingly and voluntarily agreed to the appeal waiver. During the plea colloquy, the district court specifically discussed, and asked Fips under oath if he understood, various provisions of the plea agreement, including the Waiver Provision. Fips explicitly acknowledged he understood. The district court also asked Fips under oath if he entered into the plea agreement voluntarily, and Fips confirmed he did. "[Fips's] sworn testimony at the plea hearing shows that he entered into the plea agreement, and the appeal waiver, knowingly and voluntarily." *United States v. Sohl*, 632 F. App'x 302, 302 (8th Cir. 2016) (per curiam); *see also Boroughf*, 649 F.3d at 890 ("[O]ur review of the transcript from the change-of-plea hearing shows the plea agreement and appeal waiver were entered into knowingly and voluntarily.").

Third, enforcing the appeal waiver will not result in a miscarriage of justice, which is a "very narrow exception to the general rule that waivers of appellate rights are enforceable." *See United States v. Blue Coat*, 340 F.3d 539, 542 (8th Cir. 2003). "[O]rdinarily, we do not address claims of ineffective assistance of counsel on direct appeal" anyway, but instead we require such claims to be raised in postconviction proceedings. *United States v. Adkins*, 636 F.3d 432, 434 (8th Cir. 2011). The plea agreement leaves that option open to Fips, so he is not without recourse to pursue his ineffective-assistance claim if we follow our usual rule and refuse to consider this claim now. *See United States v. Vondal*, 394 F. App'x 336, 337 (8th Cir. 2010) (per curiam) (enforcing an appeal waiver and declining to consider an ineffective-assistance claim within the scope of that waiver because, *inter alia*, "ineffective-assistance claims are more properly raised in a proceeding under 28 U.S.C. § 2255, and [the defendant] reserved her right to do so" (citation omitted)).

Granted, we have suggested that, under this miscarriage-of-justice exception, we may consider on direct appeal an ineffective-assistance claim otherwise within the scope of an appeal waiver when the claim is that "the plea agreement itself is the result of advice outside the range of competence demanded of attorneys in criminal cases." *DeRoo v. United States*, 223 F.3d 919, 923-24 (8th Cir. 2000) (internal quotation marks omitted); *see also United States v. Andis*, 333 F.3d 886, 891 (8th Cir. 2003) (en banc) (citing *DeRoo* as an example of when the miscarriage-of-justice exception may apply). But Fips's claim, based on conduct of prior counsel who did not represent him when he entered into the plea agreement, is not this kind of ineffective-assistance claim.

Therefore, we enforce Fips's appeal waiver and dismiss this appeal.

_____

-4-